UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN ROE JB 84,

        Plaintiff,

v.

DOE 1, et al.,

        Defendants.

Case No. 24-cv-07608-EJD

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 11

      This case involves various state law claims by Plaintiff against all fictitiously named defendants—two Doe corporations, a Doe corporation sole, and Does 4–100—for sexual abuse Plaintiff suffered as a minor. The case was originally filed in Santa Clara Superior Court on August 26, 2024. ECF No. 1. On November 1, 2024, the Church of Jesus Christ of Latter-Day Saints, the Temple Corporation of the Church of Jesus Christ of Latter-Day Saints, and the San Jose California South Stake (together, the "Church parties") removed the case to this Court based on diversity jurisdiction because the only California-based party, San Jose South Stake, was purportedly fraudulently joined and should be disregarded for removal jurisdiction. *Id.*

      Before the Court is Plaintiff's motion to remand, which the Court GRANTS. ECF No. 11. Although the Church parties represent that they are the defendants sued as "Does," Plaintiff's operative complaint which was removed to this Court reflects only defendants identified as Does. *See* ECF No. 1 at 11. The removal statute requires that the Court disregard "the citizenship of defendants sued under *fictitious names*." 28 U.S.C. § 1441(b)(1) (emphasis added). Whether Plaintiff identified the defendants as "Does" because he was ignorant of the true names of the

Case No.: 24-cv-07608-EJD
ORDER GRANTING MOTION TO REMAND
1

1  defendants or because he was invoking CCP § 340.1(k), which governs use of a pseudonym in

2  certain circumstances, does not matter.  The defendants here were sued under fictitious names.[1]

3  At this time, remand is appropriate because strict application of the removal statute requires the

4  Court to disregard the citizenship of all Doe defendants.  *See Casola v. Dexcom, Inc.*, 98 F.4th

5  947, 954 (9th Cir. 2024) ("Removal statutes are strictly construed, and any doubt about the right of

6  removal requires resolution in favor of remand") (quotations omitted); *see also Geppert v. Doe 1*,

7  No. 23-CV-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023) ("The removal statute

8  obligates the Court to disregard [Doe defendants'] citizenship regardless of whether [the Doe

9  defendant] is actually fictitious or whether state law mandates use of the Doe designation.").  That

10 leaves Plaintiff, a citizen of some state[2], and all defendants, citizens of no state.  Diversity is

11 therefore lacking because "[i]t does not exist where one party possesses citizenship, and all

12 opposing parties possess no citizenship."  *Geppert*, 2023 WL 5804156, at *3 (quoting *Louisiana

13 Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016)).

14       Accordingly, the Court GRANTS the Motion and REMANDS this action back to Santa

15 Clara County Superior Court.

17       **IT IS SO ORDERED.**

18 Dated: January 31, 2025

EDWARD J. DAVILA
United States District Judge

---

[1] Defendants contend that "[o]n November 4, 2024, without any objection from plaintiff JB-84, the caption in this case was amended to identify the defendants by their real names."  ECF No. 21 at 9.  However, the caption of the operative complaint before the Court identifies the Defendants as Does.  *See* ECF No. 1 at 11.

[2] The parties appear to disagree regarding Plaintiff's citizenship, but the Court does not need to address that dispute to resolve the present motion.

Case No.: 24-cv-07608-EJD
ORDER GRANTING MOTION TO REMAND
2